IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 3:17-cv-01448-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| OTHO S. POOL, JR., | ) | |
| JOANNE H. POOL, | ) | |
| OTHO S. POOL, III, | ) | |
| HOMEOWNERS MORTGAGE | ) | |
| ENTERPRISES, INC., | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| DUKE ENERGY CAROLINAS, LLC, and | ) | |
| SOUTH CAROLINA DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The United States of America, by and through undersigned counsel, complains and alleges as follows:

1.     The United States brings this action to reduce to judgment income tax assessments against Otho S. Pool, Jr., and foreclose federal tax liens that attach to real property located at 47 Longview Lane, Ridgeway, South Carolina.

2.     This action is authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this civil action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340, 1345.

4.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities accrued in this district, and the property on which the United States seeks to foreclose its lien is in Fairfield County, South Carolina.

## PARTIES

5.      Defendant Otho S. Pool, Jr. ("Pool"), resides in Richland County, South Carolina, within the jurisdiction of this Court, and is named as a party to this action because his unpaid federal tax liabilities are the subject of this action, and the United States seeks to reduce those liabilities to judgment and enforce its liens against his real property.

6.      Defendant Joanne H. Pool resides in Richland County, South Carolina, within the jurisdiction of this Court, and is named as a party to this action because she may claim an interest in the real property which is the subject of this action.

7.      Defendant Otho S. Pool, III, resides in Richland County, South Carolina, within the jurisdiction of this Court, and is named as a party to this action because he may claim an interest in the real property which is the subject of this action.

8.      Defendant Homeowners Mortgage Enterprises, Inc., is a domestic corporation registered to do business in the State of South Carolina and is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property which is the subject of this proceeding.  The registered agent of Homeowners is Corporation Service Company.

9.      Defendant JP Morgan Chase Bank, N.A., is a foreign corporation and is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property which is the subject of this proceeding.  The registered agent of Chase is CT Corporation System.

10.     Defendant Duke Energy Carolinas, LLC, is a foreign limited liability company registered to do business in the State of South Carolina and is named as a party to this action

2

15384380.1

pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property which is the subject of this proceeding from an option to purchase such property held by it in the names of Duke Energy Corporation and/or Duke Power Company.  The registered agent of Duke Energy Carolinas, LLC, is CT Corporation System.

11.    Defendant South Carolina Department of Revenue, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) by virtue of liens it may claim against the real property which is the subject of this action.  *See* S.C. CODE ANN. § 12-54-120 (1976).

## SUBJECT PROPERTY

12.    The real property subject to foreclosure in this action is a waterfront property located at 47 Longview Lane, Ridgeway, South Carolina ("Subject Property").  The legal description of the Subject Property is as follows:

> All of that certain tract of land, lying and being in Fairfield County, State of South Carolina, and being known as Lot 271 in Section 6, as shown on map recorded in Map Book 10 at page 132 in the office of the Clerk of Court for Fairfield County; AND BEING a part of the property conveyed to Crescent Land & Timber Corp. by deed of Duke Energy Corporation (formerly Duke Power Company) recorded in Book D.U. at page 215 in the office of the Clerk of Court for the County.

> This being the same property conveyed to Otho S. Pool, Jr., and Joanne H. Pool by that certain deed of Crescent Resources, Inc., dated September 30, 1998, and recorded in the office of the Clerk of Court for Fairfield County, South Carolina, in Deed Book PJ at Page 45 on October 6, 1998.  This also being the same property in which the interest of Otho S. Pool, Jr., was subsequently conveyed to Otho S. Pool, III, by Title to Real Estate dated February 21, 2006 and recorded on February 23, 2006, in the office of the Clerk of Court for Fairfield County, South Carolina, in Record Book 768, at Page 22.

> Tax Map No. 135-03-05-047-000 (formerly 159-01-02-009)

## COUNT I

### Reduce to Judgment Otho S. Pool, Jr.'s
### Federal Income Tax Liabilities for 2000 through 2004

13.    After Pool filed income tax returns for each of the tax years 2000 through 2004, the Internal Revenue Service examined those returns and determined that Pool owed additional income tax.

14.    On the dates and in the amounts listed in the table below, a delegate of the Secretary of the Treasury assessed against Pool the income taxes for the tax periods indicated, plus applicable penalties and interest:

| Tax Year | Assessment Date | Tax | Interest | Penalties | |
|---|---|---|---|---|---|
| 2000 | 12/08/2005 | $ 18,616.00 | $   5,656.13 | $ 3,723.00 | * |
| | 07/15/2009 | | | $ 3,253.95 | ** |
| 2001 | 12/08/2005 | $ 45,431.99 | $ 11,248.44 | $ 9,086.00 | * |
| | 08/31/2009 | | | $11,327.03 | ** |
| | 11/10/2014 | | $ 36,729.72 | | |
| 2002 | 12/26/2005 | $ 68,737.00 | $ 11,744.14 | $13,747.00 | * |
| | 08/31/2009 | | | $17,184.13 | ** |
| | 11/10/2014 | | $ 52,342.59 | | |
| 2003 | 06/12/2007 | $148,905.51 | $ 34,736.89 | $29,781.10 | * |
| | 08/31/2009 | | | $37,045.38 | ** |
| | 11/10/2014 | | $ 83,804.92 | | |
| 2004 | 06/12/2007 | $245,767.00 | $ 56,286.20 | $49,153.40 | * |
| | | | | $61,441.75 | *** |
| | 02/09/2009 | | | $61,441.75 | ** |
| | 11/10/2014 | | $193,332.37 | | |

\*        Accuracy Related Penalty - IRC § 6662
\*\*       Failure to Pay penalty - IRC § 6651(a)
\*\*\*     Late Filing Penalty - IRC § 6651(a)(1)

15384380.1

15.     A delegate of the Secretary of the Treasury properly gave notices of the unpaid tax assessments described in paragraph 14, above, to Pool and made demands for payment.

16.     Despite notices of the assessments and demands for payment, Pool has failed to fully pay the assessments described in paragraph 14, above.  As of May 8, 2017, Pool owes the United States $1,456,942.42 on those assessments, plus penalties and interest that continue to accrue subsequent to May 8, 2017, as provided by law.

17.     Under § 6502 of the Internal Revenue Code, the United States generally has 10 years from the date of an assessment to bring a proceeding in court to collect an unpaid tax.  While the tax assessments against Pool for three of the years at issue (2000 - 2002) were made in 2005, events since the assessments tolled the period to bring this suit.  Specifically, on March 9, 2006, Pool made an offer to the IRS to compromise his liabilities for the years 2000 through 2002.  That offer was pending until it was returned to him on June 20, 2006.  On February 15, 2007, Pool made an offer to the IRS to compromise his liabilities for all of the years in this suit, plus others.  That offer was pending until November 5, 2007, when it was rejected.  Finally, Pool had another offer to compromise these liabilities pending from June 4, 2008. through October 28, 2008.  As a result of these pending offers, the 10-year period to bring this suit was tolled by at least 542 days.

## COUNT II

### Foreclosure of Federal Tax Liens on the Subject Property

18.     As a result of Pool's failure to satisfy the assessments described in paragraph 14, above, after notice and demand for payment, federal tax liens arose on the dates of assessment and attached to all property and all rights to property of Pool, including the Subject Property.

19.     Pool and his wife, Joanne H. Pool, acquired title to the Subject Property by a deed from Crescent Resources, Inc., dated September 30, 1998.  That deed was recorded on October 6, 1998, in the Office of the Clerk of Court for Fairfield County, South Carolina, at Book PJ, page

15384380.1

45.  At that time, they also executed a mortgage in favor of Crescent Resources, Inc., that was marked satisfied on February 28, 2006.  The satisfaction was recorded on September 3, 2008, in Record Book 923, at Page 137, of the Office of the Clerk of Court for Fairfield County, South Carolina.

20.     On February 21, 2006, Pool executed a "Title to Real Estate" purporting to transfer all of his interest in the Subject Property to his son, Otho S. Pool, III, which title was recorded in Record Book 768, page 22, of the Office of the Clerk of Court for Fairfield County, South Carolina, on February 23, 2006.  Also on February 21, 2006, Otho S. Pool, III, executed a "Lost Mortgage Satisfaction" for a mortgage he had been given in February 2004 by Pool and Joanne H. Pool purportedly to secure a note for $150,000.

21.     The purported transfer of Pool's interest in the Subject Property to Otho S. Pool, III, was made subject to the tax liens that arose against Pool on December 8, 2005, and December 26, 2005.  Moreover, Otho S. Pool, III, was not a purchaser of an interest in the Subject Property because he did not give full and adequate consideration in money or money's worth in exchange for that transfer.

22.     The purported transfer of Pool's interest in the Subject Property to Otho S. Pool, III, described in paragraph 18, above, was a fraudulent conveyance under S.C. CODE ANN. §§ 27-23-10 (1976) because –

        a.     The transfer occurred after Pool was indebted to the United States for his federal income taxes for 2000 through 2004;

        b.     The transfer was voluntary;

6

     c.     Pool made the purported transfer without receiving a valuable consideration for the Subject Property because Otho S. Pool, III, did not pay money or give anything else of value in exchange for the property; and

     d.     Pool failed to retain sufficient property to pay his debt to the United States in full after making the purported transfer.

23.     The purported transfer of Pool's interest in the Subject Property to Otho S. Pool, III, was also a fraudulent conveyance under S.C. CODE ANN. §§ 27-23-10 (1976) because it was made with the actual intent to hinder, delay, or defraud Pool's creditor, the United States. The facts demonstrating the fraudulent intent of the conveyance to Otho S. Pool, III, include –

     a.     The transfer was to an insider, Pool's son, Otho S. Pool, III;

     b.     Pool retained possession and control of the Subject Property along with his wife after the purported transfer;

     c.     Pool did not receive reasonably equivalent value in exchange for an interest in the property;

     d.     Pool was insolvent at the time of the transfer or became insolvent as a result of it as the amount of his tax liabilities greatly exceeded the value of his assets; and

     e.     The transfer also occurred while Pool was being audited by the IRS, and shortly after significant assessments had been made against him.

24.     Alternatively, Otho S. Pool, III, holds title to an interest in the Subject Property as the nominee of Pool for the following reasons:

     a.     Even after the purported transfer of the Subject Property, Pool maintains, control and enjoys the benefits of it along with his wife, Joanne H. Pool;

15384380.1

      b.     Pool purported to convey his interest in the Subject Property to Otho S. Pool, III, at a time when he had just been assessed significant unpaid income tax and faced potentially significant collection efforts by the IRS;

      c.     Upon information and belief, Otho S. Pool, III, paid no consideration in exchange for the Subject Property; and

      d.     Pool has a close relationship with Otho S. Pool, III, who is his son.

25.     On the following dates, a delegate of the Secretary of the Treasury caused notices of federal tax lien to be recorded in the public records of Fairfield County, South Carolina, at the book and pages identified:

| Date Recorded | Tax Year(s) | Book | Page |
|---|---|---|---|
| 12/27/2006 | 2000 2001 2002 2003 | 6 | 113 |
| 11/10/2008 | 2004 | 11 | 318 |
| 05/07/2014 | 2003 | 35 | 58 |
| 07/29/2015 | 2000 2001 2002 | 39 | 278 |

26.     On September 30, 2014, a delegate of the Secretary of the Treasury caused a notice of federal tax lien to be recorded in the public records of Fairfield County, South Carolina, against "Otho S. Pool, III, Transferee of Otho S Pool Jr" for Pool's 2000 through 2003 federal income tax liabilities identified in paragraph 14, above. That notice is recorded at Book 36, Page 251, of the public records of Fairfield County, South Carolina.

WHEREFORE, Plaintiff, United States of America, respectfully prays for the following:

A.     That judgment be entered against Defendant Otho S. Pool, Jr., for his unpaid federal income tax liabilities from the years 2000 through 2004 in the amount of $1,456,942.42 as of May

8, 2017, plus any further interest and statutory additions on the assessments as allowed by law, to the date of payment;

B.      That this Court adjudge, order, and declare that the deed of February 21, 2006, purporting to convey an interest in the Subject Property to Otho S. Pool, III, be set aside as null and void as a fraudulent conveyance; or, alternatively, that this Court adjudge, order, and declare that Otho S. Pool, III, holds title to an interest in the Subject Property as the nominee of Defendant Otho S. Pool, Jr.

C.      That this Court adjudge, order, and decree that the federal tax liens of the United States attach to all property and rights to property of Defendant Otho S. Pool, Jr., including his interest in the Subject Property;

D.      That this Court adjudge, order and decree that the federal tax liens upon the Subject Property be foreclosed upon, that the property be sold according to law, free and clear of the claims of the parties herein, and that the proceeds of sale be distributed in accordance with the determination of this Court with respect to the priorities of the claims of the parties herein;

E.      That the proceeds of the sale of the Subject Property payable to the United States be applied in satisfaction of Defendant Otho S. Pool, Jr.'s unpaid federal tax liabilities, as set forth in this Complaint; and

F.      That this Court grant the United States such other relief, including costs, as is just and equitable.

15384380.1

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

By:    MICHAEL W. MAY
       Trial Attorney, Tax Division
       U.S. Department of Justice
       Post Office Box 14198
       Ben Franklin Station
       Washington, D.C. 20044
       Telephone: (202) 616-1857
       Facsimile: (202) 514-9868
       Michael.W.May@usdoj.gov

                    -and-

       BETH DRAKE
       United States Attorney
       District of South Carolina

By:    *s/J. Douglas Barnett*
       J. Douglas Barnett (#2144)
       Assistant United States Attorney
       1441 Main Street, Suite 500
       Columbia, South Carolina 29201
       Telephone: (803) 929-3000
       Facsimile: (803) 254-5163
       E-mail: doug.barnett@usdoj.gov

June 2, 2017

15384380.1